ELLIS GEORGE CIPOLLONE
  O'BRIEN ANNAGUEY LLP
Peter Obstler (State Bar No. 171623)
  pobstler@bgrfirm.com
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Debi A. Ramos (State Bar No. 135373)
  dramos@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100; Facsimile: (310) 275-5697

Attorneys for LGBTQ+ Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DIVINO GROUP LLC, a California limited liability company, CHRIS KNIGHT, an individual, CELSO DULAY, an individual, CAMERON STIEHL, an individual, BRIAANDCHRISSY LLC, a Georgia limited liability company, BRIA KAM, an individual, CHRISSY CHAMBERS, an individual, CHASE ROSS, an individual, BRETT SOMERS, an individual, LINDSAY AMER, an individual, STEPHANIE FROSCH, an individual, SAL CINQUEMANI, an individual, TAMARA JOHNSON, an individual, and GREG SCARNICI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC, a Delaware limited liability company, YOUTUBE, LLC, a Delaware limited liability company, and DOES 1-25,<br><br>Defendants. | Case No. 5:19-cv-04749-VKD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE STATEMENT OF RECENT DECISION**<br><br><br>Judge:  Hon. Virginia DeMarchi<br>Dept:   8 |

Plaintiffs Divino Group, LLC, Chris Knight, Celso Dulay, Cameron Stiehl, BriaandChrissy LLC, Bria Kam, Chrissy Chambers, Chase Ross, Brett Somers, Lindsay Amer, Stephanie Frosch, Sal Cinquemani, Tamara Johnson, and Greg Scarnici (collectively "Plaintiffs"), respectfully submit their Opposition to Defendants' Administrative Motion for Leave to File Statement of Recent Decision, ECF No. 102.

## I. INTRODUCTION & ARGUMENT SUMMARY

Defendants' Administrative Motion asks the Court for leave to file a Statement of Recent Decision, attaching *Huber v. Biden*, No. 21-cv-06480 (N.D. Cal. Mar. 18, 2022), and asserting that the ruling "resolved . . . some of the same issues raised" in this case, and denied "declaratory relief that Section 230 is unconstitutional." Defendants' Administrative Motion for Leave to File Statement of Recent Decision (ECF. No. 102) (the "Administrative Motion") at 2:1-12. Before the Administrative Motion was filed, Plaintiffs requested an explanation as to what issues now before the Court were adjudicated in *Huber*, or why the Court should consider *Huber* as good authority in this case. Specifically, Plaintiffs informed Defendants that *Huber* was not only unhelpful but was misleading because all of Huber's claims were based on frivolous, fantastical, and unsupported allegations of a civil rights conspiracy between Twitter and the Biden Administration to censor COVID-19 related speech. Declaration of Debi Ramos in Support of the Opposition to Defendants' Administrative Motion ("Ramos Dec.") ¶¶6-7, Ex. 2. By contrast, Plaintiffs allege what Defendants have known about, admitted, and refused to remedy since 2016: that Defendants are violating their owns Terms of Service, as well as antidiscrimination and consumer fraud statutes, by using computerized tools and computer code to profile and use Plaintiffs' gender, LGBTQ+ identity, race or other protected identities to filter and block content and access to advertising and other services on YouTube -- not because Plaintiffs' video material violated any of Defendants' content based rules. Consequently, *Huber* is neither "an on-point, controlling precedent," nor "at least [] a highly persuasive decision on an issue of particular importance, that is not otherwise cumulative of the cases that have already been submitted." *Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 943 (N.D. Cal. 2015) (court denied leave to file a Statement of Recent Decision regarding new authority indicating certiorari had been

granted); *see also* Civ. L.R. 7–3(d)(2). Accordingly, the Court should deny leave to file Statement of Recent Decision for *Huber*.

## II. PROCEDURAL BACKGROUND

Defendants filed their Motion to Dismiss on August 16, 2021 (ECF Nos. 77 – 77-13) for hearing on October 26, 2021. On September 17, 2021, Plaintiffs filed their Opposition (ECF No. 80), and Request for Judicial Notice (ECF Nos. 81-81). Plaintiffs filed a Corrected Opposition on September 22, 2021 (ECF No. 85). On September 23, 2021, pursuant to stipulation of the parties, the Court continued the hearing from October 26, 2021 to January 11, 2022 (ECF No.87). Defendants filed their Reply on October 15, 2021 (ECF No. 88). On December 17, 2021, Intervenor United States, filed its Notice (ECF No. 89) indicating that it would not file an additional brief, and relying on the previously filed brief dated May 8, 2021 (ECF No. 47).

On December 29, 2021, pursuant to stipulation of the parties, for a second time the Court continued the hearing to February 1, 2022 and ordered each party to "file a response to the United States' Notice . . . on or before January 10, 2022" (ECF No. 91). On January 10, 2022, the parties filed their respective responses (ECF Nos. 93 - 94). On January 24, 2022, the Court ordered Plaintiffs to file a Redline Version of the Third Amended Complaint (ECF No. 95), which was filed the next day (ECF No. 97). The Court heard Defendants' Motion on February 1, 2022, and took the matter under submission (ECF No. 98).

## III. ARGUMENT: *HUBER* IS NEITHER CONTROLLING, ON-POINT, NOR NECESSARY FOR PENDING ISSUES REGARDING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)

Because Defendants want the Court to consider *Huber* more than five months after the original October 26, 2021-Hearing date for Defendants' Motion to Dismiss, and nearly two months after the Court took the motion under submission (*see* ECF Nos. 77, 98), Defendants must obtain leave of the Court before filing a Statement of Recent Decision. *See* Civ. L.R. 7-3(d)(2). Such leave "is a right that should be exercised sparingly." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012). In considering Defendants' request, the Court should determine whether the

new authority constitutes "an on-point, controlling precedent," or "at least [] a highly persuasive decision on an issue of particular importance, that is not otherwise cumulative of the cases that have already been submitted." *Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 943 (N.D. Cal. 2015) (court denied leave to file a Statement of Recent Decision regarding new authority indicating certiorari had been granted). *Huber* meets neither criterion.

**First**, *Huber* is an unpublished district court decision, that is neither "binding" (*United States v. Moore*, No. 3:10-CR-00297-HZ, 2018 WL 504401, at *6 (D. Or. Jan. 19, 2018)) nor "controlling precedent." *See Hart v. Massanari*, 266 F.3d 1155, 1172–73, 1174 (9th Cir. 2001) ("[T]he binding authority principle applies only to appellate decisions, and not to trial court decisions . . . .").

**Second**, *Huber* is not "a highly persuasive decision." A "highly persuasive decision" may be one that carries "preclusive effects" in this dispute. *See Anstalt v. Bacardi & Co.*, No. CV1606411GHKFFMX, 2016 WL 7635955, at *3 (C.D. Cal. Nov. 16, 2016) ("TTAB's ruling on likelihood-of-confusion in registration proceeding is entitled to preclusive effect in a subsequent infringement action"). A "highly persuasive" decision is one involving "a factually 'indistinguishable' case involving similar issues of law," where the opinion "expounded on those similarities." *In re Ridgecrest Healthcare, Inc.*, 601 B.R. 826, 830–31 (C.D. Cal. 2019) (1st Cir. Opinion is "highly persuasive" where it "concerned 'materially indistinguishable' facts," "and resolved a virtually identical question of law"); *see also Whitaker v. 1331 W. Washington Partners*, No. CV 20-2243-MWF-ASX, 2020 WL 6489320, at *3–4 (C.D. Cal. Sept. 25, 2020) (8th Circuit opinion which "rejected similar arguments by plaintiffs" requesting attorneys' fees following settlement and dismissal of an ADA cause of action is "highly persuasive").

As Plaintiffs explained to Defendants in the meet and confer email exchange preceding the filing of the Administrative Motion, "Not all rulings regarding section 230(c) 'relate' to issues briefed in either *Newman* or *Divino*." Ramos Dec., at ¶¶6-7; Ex.2. That is particularly true of *Huber*. In *Huber*, Judge Chen dismissed plaintiff's First Amended Complaint for failure to state a claim for violation of Freedom of Speech under the First Amendment based on deficient allegations that "Twitter conspired with President Biden and other federal government officials in

the Biden Administration to engage in viewpoint discrimination and violate her First Amendment rights" "in furtherance of their 'agreement to silence the speech of speakers on Twitter' who disagreed with the political agenda of the Biden administration." *Huber*, at *5. Judge Chen found that Huber's conclusory allegations were insufficient to establish a conspiracy, *e.g.,* the existence of "an agreement between the Defendants to violate Plaintiff's rights" (*id.*, at **9-10), or that "the government was directly involved in the suspension of her Twitter account." *Id.*, at **10-11. Unlike Plaintiffs, who allege that Defendants are violating the Terms of Service, Huber conceded that she "violated Twitter's Terms and Service and Twitter has provided a good and sufficient basis to suspend her account." *Id.*, at *8.

In this case, and its companion, *Newman v. Google LLC*, (No. 3:20-cv-04011-VC (N.D. Cal.)), LGBTQ+ and racially protected YouTube and Google users seek to remedy Defendants' admitted use of artificial intelligence, algorithms, and other tools to filter and block Plaintiffs' content, based on gender, LGBTQ + identity or other protected identities in violation of California Civil Code §51, *et seq.*, (*see* ECF No. 67 at ¶¶19-36, 77-149). In so doing, Plaintiffs do not allege (nor do they need to) a civil rights conspiracy with the government, but rather, that Defendants are profiling and using Plaintiffs' protected gender and LGBTQ+ identity to filter and block their content, as well as access to advertising and other services in direct violation of the written contracts between the parties. *See id*. at ¶¶77-149.

Defendants' other assertions, that *Huber* "resolved in the defendants' favor some of the same issues raised in the above-captioned case" and supports the granting "with prejudice defendants' motion to dismiss a First Amendment claim for lack of state action," because it held "in part that defendants' reliance on Section 230 does not give rise to state action under *Denver Area Educational Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 781-82 (1996)" and it also "declined to grant 'declaratory relief that Section 230 is unconstitutional'" (Administrative Motion, Ex. A at 2:3-9), are incorrect. Plaintiffs' requests for equitable and declaratory relief regarding the scope and constitutionality of using §230(c) to bar claims for LGBTQ+ and race discrimination under contract, and claims to enforce the contract and the antidiscrimination laws that govern its legality, do not require a finding that Defendants are state

actors. As the Government successfully argued in *USA v. Texas* (No. 1:21-cv-796-RP, slip op. (W. D. Tex. Oct. 6, 2021)), Plaintiffs (like any other litigant) may seek a declaratory judgment regarding the meaning, constitutionality, and enforcement of a permissive, immunity law that authorizes private parties to do what the government cannot. *See* ECF No. 93. §230 was expressly enacted by Congress to allow private parties to protect minors from pornography; nevertheless, Defendants now assert §230(c) to eliminate legal relief for victims of LGBTQ+ and race discrimination under and in violation of a consumer contract. Plaintiffs' equitable claim is based on the Government's enactment and enforcement of a federal statute; it has nothing to do with whether Defendants are state actors. *USA v. Texas,* slip op. at \*\*20-22; *see also*, *Denver Area*, 518 U.S. at 737, 765-766; *Shelley v. Kraemer*, 334 U.S. 1, 18, 20-21 (1948); *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 841-842 (9th Cir. 2017). Given the very different factual allegations, claims, theories, and legal issues in *Huber,* the decision is not "persuasive authority," and does not support any of Defendants' arguments that §230(c) is beyond judicial review, so as to justify granting leave to belatedly file a Statement of Recent Decision. S*ee Michael Taylor Designs, Inc.*, 761 F. Supp. 2d at 909-10; *Cobarruviaz v. Maplebear, Inc*., 143 F. Supp. 3d at 943.

### IV.    CONCLUSION

The Court should deny Defendants' Administrative Motion for leave to file a Statement of Recent Decision regarding *Huber* because Judge Chen's decision involves factual allegations for relief that are materially distinguishable from the gender, sexual orientation, and LGBTQ+ discrimination in violation of Defendants' Terms of Service alleged and the related legal issues briefed in this case. *Compare* Ramos Dec. ¶¶6-7, Ex.2 and ECF No. 67.

DATED:  April 1, 2022

Respectfully submitted,

ELLIS GEORGE CIPOLLONE
 O'BRIEN ANNAGUEY LLP

By: _____
       Debi Ramos
Attorneys for LGBTQ+ Plaintiffs