| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>LAUREN GALLO WHITE, SBN 309075<br>KELLY M. KNOLL, SBN 305579<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, California 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>Email: lwhite@wsgr.com<br>Email: kknoll@wsgr.com<br><br>BRIAN M. WILLEN (*Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br><br>Attorneys for Defendants<br>Google LLC and YouTube, LLC | PETER OBSTLER, SBN 171623<br>ERIC M. GEORGE, SBN 166403<br>DEBI A. RAMOS, SBN 135373<br>ELLIS GEORGE CIPOLLONE<br>O'BRIEN ANNAGUEY LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br>Email: pobstler@bgrfirm.com<br>Email: egeorge@bgrfirm.com<br>Email: dramos@bgrfirm.com<br><br>Attorneys for Plaintiffs Divino Group LLC, Chris Knight, Celso Dulay, Cameron Stiehl, BriaandChrissy LLC, Bria Kam, Chrissy Chambers, Chase Ross, Brett Somers, Lindsay Amer, Stephanie Frosch, Sal Cinquemani, Tamara Johnson, and Greg Scarnici |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DIVINO GROUP LLC, a California limited liability company, CHRIS KNIGHT, an individual, CELSO DULAY, an individual, CAMERON STIEHL, an individual, BRIAANDCHRISSY LLC, a Georgia limited liability company, BRIA KAM, an individual, CHRISSY CHAMBERS, an individual, CHASE ROSS, an individual, BRETT SOMERS, an individual, LINDSAY AMER, an individual, STEPHANIE FROSCH, an individual, SAL CINEQUEMANI, an individual, TAMARA JOHNSON, an individual, and GREG SCARNICI, an individual,<br><br>      Plaintiffs,<br><br>  vs.<br><br>GOOGLE LLC, a Delaware limited liability company, YOUTUBE, LLC, a Delaware limited liability company, and DOES 1-25,<br><br>      Defendants. | Case No. 5:19-cv-04749-VKD<br><br>**STIPULATED REQUEST FOR LEAVE TO FILE STATEMENT OF RECENT DECISION**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Crtrm.: 2 |

Plaintiffs Divino Group LLC, Chris Knight, Celso Dulay, Cameron Stiehl, BriaandChrissy LLC, Bria Kam, Chrissy Chambers, Chase Ross, Brett Somers, Lindsay Amer, Stephanie Frosch, Sal Cinequmani, Tamara Johnson, and Greg Scarnici ("Plaintiffs") and Defendants Google LLC and YouTube, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows in the above-entitled lawsuit:

WHEREAS, on August 16, 2021, Defendants moved to dismiss Plaintiffs' Third Amended Class Action Complaint (Dkt. No. 77, "Motion to Dismiss");

WHEREAS, Plaintiffs filed their Opposition to the Motion to Dismiss on September 17, 2021 (Dkt. No. 80), and Defendants filed their Reply on October 15, 2021 (Dkt. No. 88);

WHEREAS, the Motion to Dismiss was heard on February 1, 2022 at 10:00 a.m., after which the matter was taken under submission by the Court (Dkt. No. 98);

WHEREAS, the Parties seek leave to inform the Court of a decision issued by Judge Vince Chhabria of the U.S. District Court of the Northern District of California in *Newman v. Google LLC*, No. 3:20-cv-04011-VC, ECF No. 115 (N.D. Cal. July 8, 2022), granting Defendants' motion to dismiss in that case;

WHEREAS, *Newman* involves parties, subject matter, counsel, and causes of action that overlap substantially with those in this case, and Judge Chhabria's decision in *Newman* resolves some of the same issues raised in this case; and

WHEREAS, the Parties wish to bring the *Newman* decision to the Court's attention.

NOW, THEREFORE, based on the above stipulation, pursuant to Civil Local Rule 7-12, and with Defendants and Plaintiffs reserving all rights and defenses, the Parties respectfully ask the Court to enter an order providing that Defendants may file the Statement of Recent Decision in the form attached as Exhibit A to this stipulation.

DATED: July 13, 2022             Respectfully submitted,

                                               BROWNE GEORGE ROSS
                                               O'BRIEN ANNAGUEY & ELLIS LLP

By:   */s/ Debi A. Ramos*
       DEBI A. RAMOS
Attorneys for Plaintiffs Divino Group LLC, Chris Knight, Celso Dulay, Cameron Stiehl, BriaandChrissy LLC, Bria Kam, Chrissy Chambers, Chase Ross, Brett Somers, Lindsay Amer, Stephanie Frosch, Sal Cinquemani, Tamara Johnson, and Greg Scarnici

DATED: July 13, 2022             Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Lauren Gallo White*
       LAUREN GALLO WHITE
Attorneys for Defendants Google LLC
and YouTube, LLC

**ATTORNEY ATTESTATION**

I, Lauren Gallo White, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

                                                  By:   */s/ Lauren Gallo White*
                                                               Lauren Gallo White

# EXHIBIT A

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
KELLY M. KNOLL, SBN 305579
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: lwhite@wsgr.com
Email: kknoll@wsgr.com

BRIAN M. WILLEN (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIVINO GROUP LLC, a California limited liability company, CHRIS KNIGHT, an individual, CELSO DULAY, an individual, CAMERON STIEHL, an individual, BRIAANDCHRISSY LLC, a Georgia limited liability company, BRIA KAM, an individual, CHRISSY CHAMBERS, an individual, CHASE ROSS, an individual, BRETT SOMERS, an individual, LINDSAY AMER, an individual, STEPHANIE FROSCH, an individual, SAL CINEQUEMANI, an individual, TAMARA JOHNSON, an individual, and GREG SCARNICI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company, YOUTUBE, LLC, a Delaware limited liability company, and DOES 1-25,<br><br>Defendants. | CASE NO.: 5:19-cv-04749-VKD<br><br>**STATEMENT OF RECENT DECISION**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Crtrm.: 2 |

Defendants Google LLC and YouTube, LLC respectfully submit as supplemental authority the recent decision from Judge Vince Chhabria in *Newman v. Google LLC*, No. 3:20-cv-04011-VC, ECF No. 115 (N.D. Cal. July 8, 2022). A true and correct copy of the decision is appended hereto.

Respectfully submitted,

Dated: July 13, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Lauren Gallo White*
    Lauren Gallo White

Attorneys for Defendants
Google LLC and YouTube, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CARLESTE NEWMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No. 20-cv-04011-VC<br><br>**ORDER GRANTING MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 80, 85 |

1. The federal claims are dismissed without leave to amend. The plaintiffs have failed to add any allegations of consequence to the latest iteration of their complaint, leaving the Court with no choice but to conclude that further amendment would be futile. The First Amendment and Lanham Act claims fail for the same legal reasons articulated in Judge Koh's prior ruling. *See* Dkt. No. 68, at 15–22. And the Court again declines to exercise jurisdiction over the declaratory judgment claim for the reasons stated in the prior opinion. *See id.* at 24–25. There is no need for the Court to consider the difficult questions related to the affirmative defense at this time.

With respect to the section 1981 claim, the plaintiffs still fail to plead facts rendering it plausible that YouTube *intentionally* discriminated against them on the basis of race. The Court agrees that the allegations Judge Koh considered were insufficient to plausibly allege intentional discrimination. *See id.* at 9–15 (excluding page 11, line 24 through page 12, line 11). The new allegations included in the third amended complaint—additional details about YouTube's September 2017 meeting with content creators, references to the book *Algorithms of Oppression*,

and a chart that purports to compare 33 of the plaintiffs' restricted videos to the unrestricted videos of white non-Hispanic creators—do not change that conclusion.

2. Because the plaintiffs have adequately pled CAFA jurisdiction in this iteration of the complaint, the Court considers their state-law claims for the first time. All of those claims are dismissed, some with leave to amend and some without.

The state-law breach of contract claims (Claims 5 and 6) are dismissed with leave to amend. It is possible that these claims could surmount the plausibility hurdle. *See King v. Facebook*, 2021 WL 5279823, at *7 (N.D. Cal. Nov. 12, 2021) (suggesting limits on Facebook's discretion to disable an account based on similar community guidelines); *Chen v. PayPal, Inc.*, 61 Cal. App. 5th 559, 570–71 (Cal. Ct. App. 2021) (same for PayPal's discretion to place a hold on users' funds). But the complaint is frustratingly vague on key points necessary for the Court to adjudicate the relevant issues. For example, the complaint does not identify which of YouTube's contracts apply to this dispute (at least five are attached as exhibits to the complaint). And, more importantly, the complaint does not clearly state the express term of the contract YouTube has allegedly violated. Instead, it vaguely refers to YouTube's promise "to provide Plaintiffs' equal access to YouTube and all related services that Defendants offer to other users," without identifying exactly what that promise is and how it was communicated to them. Particularly when a complaint is as long as this one—over 200 pages with more than 2,500 pages of exhibits—it is critical that the plaintiffs clearly identify the disputed issues. On the current record, the Court cannot determine whether it is plausible that YouTube has breached any contract it may have with the plaintiffs.

The conversion claim (Claim 10) rises and falls with the contract claims. And the replevin claim (Claim 11) rises and falls with the conversion claim. They are accordingly dismissed with leave to amend.

The promissory estoppel claim (Claim 7) is dismissed without leave to amend because the plaintiffs fail to defend it in their opposition brief.

The Unruh Act claim (Claim 12) is functionally identical to the section 1981 claim. It is

dismissed without leave to amend for the same reasons.

The UCL claim (Claim 8) is dismissed with leave to amend. The allegations about YouTube's unlawful practices are predicated on the section 1981 and Unruh Act claims that have been dismissed. The unfair practice allegations are similarly deficient. The plaintiffs do not respond to the defendants' argument that they have not plausibly asserted an incipient violation of antitrust law or conduct that significantly harms competition (in contrast to conduct that harms a specific competitor). *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 186–87 (Cal. 1999). Instead, the opposition brief seems to assert a different theory of unfair practice liability that depends on the success of the breach of contract claims, which have been dismissed. And lastly, the plaintiffs did not allege justifiable reliance on any misleading statements with the particularity necessary to support a fraudulent practices claim. *See* Fed. R. Civ. P. 9(b). The Court cannot identify which of the many statements contained in the 217-page complaint are the basis of this theory of liability. The plaintiffs' opposition brief is unhelpful on this point, pointing the Court to several unrelated paragraphs of the complaint, only one of which contains the text of an actual statement made by Google/YouTube. *See* Dkt. No. 77, at ¶ 97 (statement made by the Vice President of Product Management for Google/YouTube). But the complaint does not allege how the plaintiffs justifiably relied on that statement, and the plaintiffs do not respond to that argument in their opposition brief.

The motion to dismiss the equitable claim for an accounting of debts owed under contract (Claim 9) is also granted with leave to amend, because the plaintiffs have not plausibly alleged that they lack an adequate remedy at law. Indeed, the plaintiffs' allegations relating to their equitable accounting claim are framed in terms of a breach of contract—they allege that the defendants have wrongfully withheld revenue owed to the plaintiffs under their contracts. *See, e.g.*, Dkt. No. 77, ¶ 618 ("Defendants' inaccurate and false reports have deprived Plaintiffs and members of the putative Race Discrimination Class of the opportunity to qualify to receive revenue from YouTube channels, and have deprived them of revenue for individual monetized videos and monetized channels which Defendants are obligated to pay under the license

agreements, the TOS and the Adworks and Adsense contracts."). The plaintiffs' allegation that they lack an adequate remedy at law appears to be based on the notion that they cannot determine, at this time, precisely how much revenue the defendants withheld in violation of those contracts. *Id.* ¶ 620 ("There is no adequate remedy at law by which Plaintiffs and the members of the putative Race Discrimination Class can ascertain the precise amounts of compensation that Defendants owe to the Plaintiffs and the members of the Class under the terms of the license agreement, the TOS, and the Adworks and/or Adsense contracts."). But it does not follow from the plaintiffs' present lack of knowledge regarding the amount owed that they lack an adequate remedy at law. *See, e.g.*, *St. James Church of Christ Holiness v. Superior Court in and for the County of Los Angeles*, 135 Cal. App. 2d 352, 357, 359 (Cal. Ct. App. 1955) (rejecting a claim for equitable accounting to "ascertain the true amount of rentals collected and now held by the defendant"). After all, if the defendants are withholding money from the plaintiffs in breach of their contracts as alleged, discovery on a claim for breach of contract would presumably reveal the amount owed (or, at least, the plaintiffs have not explained why it would not).

If the plaintiffs want to pursue a claim for equitable accounting in an amended complaint, they must allege why a breach of contract claim is not available to them at this juncture. Or, if the plaintiffs wish to pursue a claim for equitable accounting as an alternative to a claim for breach of contract, they must explain why a claim for breach of contract may end up being inadequate. *See Cepelak v. HP Inc.*, 2021 WL 5298022, at \*2–3 (N.D. Cal. Nov. 15, 2021).

The California Liberty of Speech claim (Claim 13) is dismissed without leave to amend, as further amendment would be futile. Under the *Pruneyard* line of cases, the scope of state action under the California Liberty of Speech clause is broader than the federal First Amendment. *See Robins v. Pruneyard Shopping Center*, 23 Cal. 3d 899, 908–09 (1979). But *Pruneyard* discussed physical property that "serve[s] as the functional equivalent of the traditional town center business district, where historically the public's free speech activity is exercised." *Albertson's, Inc. v. Young*, 107 Cal. App. 4th 106, 114–15 (Cal. Ct. App. 2003). Its holding has not been applied to the Internet, and to do so in this context "would be a dramatic

4

expansion of" California law. *Prager University v. Google LLC*, 2019 Cal. Super. LEXIS 2034, at *17 (Cal. Super. Ct. Nov. 19, 2019); *see also hiQ Labs, Inc. v. LinkedIn Corporation*, 273 F. Supp. 3d 1099, 1116–17 (N.D. Cal. 2017), *aff'd and remanded on other grounds*, 938 F.3d 985 (9th Cir. 2019), *vacated and remanded on other grounds*, 141 S. Ct. 2752 (2021); *Domen v. Vimeo, Inc.*, 433 F. Supp. 3d 592, 606–07 (S.D.N.Y. 2020). The Court has serious doubts that the California Supreme Court would endorse such a dramatic expansion given the "potentially sweeping consequences of such a holding" and the "host of potential 'slippery slope' problems that are likely to surface." *hiQ Labs, Inc.*, 273 F. Supp. 3d at 1116.

As mentioned previously, a significant problem with the complaint is that it is far too long, far too repetitive, and far too difficult to comprehend. If the plaintiffs choose to file an amended complaint, it must be no longer than 70 pages, and it must reflect a more serious effort to clearly articulate non-frivolous claims. If the amended complaint does not comport with these restrictions, it will be dismissed for that reason alone. Only necessary exhibits should be attached, and the relevant language from those exhibits must be clearly referenced in the complaint.[1]

**IT IS SO ORDERED.**

Dated: July 8, 2022

_____
VINCE CHHABRIA
United States District Judge

---

[1] The Court need not decide whether the exhibits attached to the Willen declaration are incorporated by reference into the complaint because it did not consider them to resolve the motion.

The plaintiffs' request for judicial notice is denied. The Court did not consider any of the attached exhibits to decide the motion.