UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIVINO GROUP LLC, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>GOOGLE LLC, et al., <br><br>    Defendants. | Case No. 19-cv-04749-VKD <br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND DENYING MOTION FOR ENTRY OF JUDGMENT** <br><br>Re: Dkt. No. 112 |

With leave of court, plaintiffs move for reconsideration of the portion of the Court's September 30, 2022 order dismissing, without leave to amend, their California Unruh Act and Unfair Competition Law ("UCL") claims as barred by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1). Dkt. Nos. 107, 110, 111, 112. Plaintiffs contend that reconsideration is warranted in view of a recent Fourth Circuit decision, *Henderson v. The Source for Public Data, L.P.*, 53 F.4th 110 (4th Cir. 2022). Defendants oppose the motion for reconsideration. Although not expressly included in their motion for reconsideration, plaintiffs previously requested, in the alternative, entry of final judgment pursuant to Rule 54(b) to permit them to seek an immediate or expedited appeal of the dismissal of their Unruh Act and UCL claims. *See* Dkt. No. 110. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies plaintiffs' motion for reconsideration and denies their motion for entry of judgment.

**I.    MOTION FOR RECONSIDERATION**

Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Civil Local Rule 7-9(b), a party seeking reconsideration of an interlocutory order must show one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citation omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*.

Plaintiffs seek reconsideration pursuant to Civil Local Rule 7-9(b)(2), arguing that the Fourth Circuit's decision in *Henderson* represents a change in the law justifying reconsideration of the Court's determination that their Unruh Act and UCL claims are barred by CDA Section 230(c)(1),[1] which provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The Court concluded that defendants satisfied the requirements for Section 230(c)(1) immunity, namely that they are "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat . . . as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009); *see also* Dkt. No. 107 at 26-30.

Plaintiffs argue that under *Henderson*, their Unruh Act and UCL claims do not implicate

---

[1] Inasmuch as the Fourth Circuit addressed only the immunity provided by Section 230(c)(1), *see Henderson*, 53 F.4th at 119, the Court does not address, and does not understand plaintiffs to seek reconsideration of, the portion of the September 30, 2022 order finding that their Unruh Act and UCL claims are barred by CDA Section 230(c)(2).

2

traditional publishing conduct and therefore do not fall within Section 230(c)(1) immunity. *Henderson* concerned claims by a putative class of job seekers against a group of defendants who collected information about individuals, created a database of that information, and sold access to that database on a website for the purpose of furnishing consumer reports to third parties. The job seekers claimed that the defendants violated various provisions of the federal Fair Credit Reporting Act ("FCRA") by failing to provide the job seekers with a copy of their own records, failing to obtain certain certifications from employers, and failing to maintain proper procedures to ensure accurate information in background reports. *See Henderson*, 54 F.4th at 118-19. Noting that "[t]he term 'publisher' as used in [CDA] § 230(c)(1) 'derive[s] [its] legal significance from the context of defamation law,'" the Fourth Circuit held that "a claim only treats the defendant 'as the publisher or speaker of any information' under [CDA] § 230(c)(1) if it (1) bases the defendant's liability on the disseminating of information to third parties and (2) imposes liability based on the information's improper content." *Id*. at 123 (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 332 4th Cir. 1997)). In the present litigation, plaintiffs maintain that their Unruh Act and UCL claims do not seek to hold defendants liable for publishing improper content and, thus, Section 230(c)(1) immunity does not apply.

*Henderson*, however, is inapposite. In *Henderson*, the Fourth Circuit examined the plaintiff job seekers' claims, in the specific context of the FCRA, and concluded that certain of those claims did not seek to treat the defendants as publishers because they concerned the dissemination of information to the plaintiffs themselves (not a third party), the failure to obtain certain information from third parties, and the failure to maintain proper procedures to ensure accurate information—all of which were deemed not to fall within "publisher" functions for purposes of Section 230(c)(1) immunity. *Id*. at 124-25. While the job seekers' other claims could implicate publishing functions to the extent they "functionally depend" on the defendants' dissemination of inaccurate information to a third party, the Fourth Circuit nonetheless found that Section 230(c)(1) immunity did not apply because the defendants were "information content provider[s]" who "made substantive changes to the records' content that materially contributed to the records' unlawfulness," including by reformatting, distilling, and stripping out information and

3

replacing information with defendants' own created summaries. *Id*. at 118, 126, 129.

There are no such facts in the present litigation, which concerns defendants' decisions to remove, restrict, or demonetize plaintiffs' videos. *See* Dkt. No. 107 at 28. Indeed, *Henderson* expressly declined to consider whether CDA Section 230(c)(1) immunity applies when a claim seeks to hold a party liable for a decision *not* to publish. *Henderson*, 54 F.4th at 124 n.18. Moreover, *Henderson* is not binding on this Court; and while the scope of Section 230(c)(1) immunity is not unlimited, the Fourth Circuit's narrow construction of Section 230(c)(1) appears to be at odds with Ninth Circuit decisions indicating that the scope of the statute's protection is much broader. *See Fair Housing Council of San Fernando Valley v. Roommates.com, LLC* , 521 F.3d 1157, 1170-71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *see also Prager Univ. v. Google LLC*, 85 Cal. App. 5th 1022, 1033 n.4 (2022) (noting that "*Henderson*'s narrow interpretation of section 230(c)(1) is in tension with the California Supreme Court's broader view, which we follow, absent a contrary ruling by the United States Supreme Court.") (citing *Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 24-26 (2021)).

Based on the foregoing, plaintiffs have not demonstrated that *Henderson* warrants reconsideration of the Court's September 30, 2022 order. Their motion for reconsideration therefore is denied.

**II.    MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs alternatively request that the Court enter final judgment pursuant to Rule 54(b) on their Unruh Act and UCL claims so that plaintiffs may seek an expedited appeal on the construction and constitutionality of CDA Section 230(c) as applied to those claims. Specifically, plaintiffs request entry of "final judgment under Rule 54(b) as to all portions of the Court's [September 30, 2022] Order dismissing any part of the Unruh Act or UCL claims with prejudice, whether under either, or both, of §§ 230(c)(1) and (c)(2)." Dkt. No. 110 at 7. Although plaintiffs requested entry of judgment in their motion for leave to file a motion for reconsideration, they did not include the request in the motion for reconsideration itself. *See* Dkt. Nos. 110, 112. For that reason, defendants declined to address the request at length, but nevertheless state that they object

4

to the entry of a partial final judgment. Dkt. No. 120 at 4 n.1.

Rule 54(b) "allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980). In determining whether to enter final judgment under Rule 54(b), the Court "must first determine that it is dealing with a 'final judgment.'" *Id*. at 7. That is, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. (citation omitted). Second, "the district court must go on to determine whether there is any just reason for delay," because "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id*. at 8.

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*. "This discretion is to be exercised in the interest of sound judicial administration" and "the equities involved." *Id*. (internal quotations and citation omitted). District courts properly may consider factors such as whether the claims subject to Rule 54(b) are "separable from the others remaining to be adjudicated" and whether an appellate court will have to decide the same issues more than once in the event of subsequent appeals. *Id*. "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id*. at 10.

The Court's September 30, 2022 order is a final disposition of plaintiffs' Unruh Act and UCL claims. Nonetheless, taking into account judicial administrative interests, as well as the equities involved, plaintiffs have not established the second part of the test for entry of Rule 54(b) judgment. Although plaintiffs note that this action has been pending for some time, and that the parties continue to litigate the sufficiency of the pleadings, plaintiffs themselves have either requested or stipulated to a number of considerable extensions of time. *See* Dkt. Nos. 12, 31, 68, 75, 86, 90, 108, 118. Moreover, plaintiffs have asked for and taken multiple opportunities to amend their complaint. Their most recent effort, their fourth amended complaint, is the subject of

a pending motion to dismiss on the sole remaining claim for breach of the implied covenant of good faith and fair dealing. Dkt. No. 121. As that motion has not yet been fully briefed or heard, the Court expresses no opinion as to how that matter may be resolved, but notes that the pending motion to dismiss will be heard on March 21, 2023. If this Court were to enter final judgment now as to the Unruh Act and UCL claims, to a certain degree, the Ninth Circuit would still be required to review the same set of facts twice in the event of a subsequent appeal, as all of plaintiffs' claims[2] are based on essentially the same facts. Issues concerning the applicability of CDA Section 230(c) immunity would potentially also have to be addressed in piecemeal fashion, as defendants have asserted that statute as a defense against all of plaintiffs' claims. Accordingly, the Court is not convinced that entering judgment as to the Unruh Act and UCL claims now would spare an appellate court from duplicating its efforts if there were an immediate appeal and another one following the final disposition of plaintiffs' other claims. Plaintiffs' motion for entry of judgment as to their Unruh Act and UCL claims is denied.

**IT IS SO ORDERED.**

Dated: January 17, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court previously dismissed plaintiffs' claims under the Lanham Act and the California Constitution, as well their claim for declaratory judgment, for failure to state a claim for relief. Dkt. No. 107.

6